UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ERIKA CHOMSKY,

                         Plaintiff,

       -against-

PROTRAVEL INTERNATIONAL LLC and
ANN ST. HILAIRE,

                       Defendants.

----------------------------------------------------------------X

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

      Plaintiff, ERIKA CHOMSKY ("Ms. Chomsky" or "Plaintiff"), by and through her attorneys, THE SELTZER LAW GROUP P.C., files this Complaint against Defendants, PROTRAVEL INTERNATIONAL LLC ("ProTravel") and ANN ST. HILAIRE ("St. Hilaire" or "Defendant St. Hilaire") (collectively referred to herein as "Defendants"):

## <u>INTRODUCTION</u>

1.    Plaintiff commences this action pursuant to: the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. § 621, *et seq*. ("ADEA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"); the New York State Human Rights Law, New York State Executive. Law § 290, *et seq.,* including but not limited to § 296(1)(a) ("NYSHRL"); and the laws of the City of New York, including but not limited to, the New York City Human Rights Law, the Local Civil Rights Restoration Act of 2005 (Local Law No. 85 of the City of New York [2005], New York City Administrative Code § 8-107 *et seq*., New York City Administrative Code § 8-130 *et seq*.("NYCHRL") for age discrimination and retaliation.   Defendants, who employed Plaintiff as a travel agent, dramatically reduced Plaintiff's work schedule and compensation on account of

her age.  Very shortly after Plaintiff complained that such adverse employment action constituted age discrimination, Defendants unlawfully terminated Plaintiff's employment.  Plaintiff seeks appropriate monetary relief, as well as appropriate equitable relief, to redress the wrongdoing complained of herein.

## STATEMENT PURSUANT TO LOCAL RULE 9

2. For purposes of complying with Local Rule 9, Plaintiff states that she has no corporate parent, subsidiary or affiliate, and that there are no other interested parties.

## JURISDICTION AND VENUE

3. Plaintiff invokes this Court's jurisdiction pursuant to 29 U.S.C. § 621, *et seq*., 42 U.S.C. § 2000e *et seq*. and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's NYCHRL and NYSHRL claims pursuant to 28 U.S.C. § 1367(a), in that this District Court has original jurisdiction in this action and the claims are related to claims in the action within such original jurisdiction that they form a common nucleus of operative facts.

5. Venue is proper in this district pursuant to 28 U.S.C § 1391(b), because the conduct giving rise to this action occurred in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On April 28, 2020, Plaintiff filed her Charge of Discrimination ("Charge of Discrimination") with the United States Equal Employment Opportunity Commission (the "EEOC") against ProTravel, alleging age discrimination and retaliation in connection with the dramatic reduction of Plaintiff's work schedule and the termination of Plaintiff's employment.

7. The Charge of Discrimination was assigned Charge No.: 520-2020-03537.

2

8.   On March 4, 2021, the EEOC issued to Plaintiff a "Notice of Right to Sue within 90 Days" with reference to her Charge of Discrimination (hereinafter "Notice of Right to Sue").

9.   Plaintiff commenced this action within the time prescribed by the Notice of Right to Sue.

## THE PARTIES

10.   Ms. Chomsky's date of birth is December 4, 1947.

11.   Ms. Chomsky is a 73-year-old senior citizen of the United States residing in Bronx County, New York.

12.   At the time of the events complained of herein, Ms. Chomsky was 72 years old.

13.   Ms. Chomsky is a professional travel agent.

14.   Ms. Chomsky possesses over 35 years of professional experience as a travel agent.

15.   ProTravel is a foreign limited liability company organized under the laws of the State of Delaware that is authorized to conduct business in the State of New York.

16.   ProTravel is a full-service travel agency with offices throughout the United States.

17.   At the time of the events complained of herein, ProTravel maintained and operated a business office located at 1633 Broadway, New York, New York 10019.

18.   From 2008 to 2013, Ms. Chomsky was employed as a travel agent by Tzell Travel Group ("Tzell"), an affiliate of ProTravel.

19.     Upon information and belief, at all times relevant to the events complained of herein, ProTravel and Tzell were both owned by a parent entity known as Travel Leaders Group, LLC.

20.     In 2013, Ms. Chomsky became employed by ProTravel as a travel agent.

21.     From 2013 until 2015, Ms. Chomsky was assigned to a team within ProTravel that was managed and overseen by Beth Silverstein.

22.     In 2015, Ms. Chomsky was transferred to a team within ProTravel that was managed and overseen by Defendant St. Hilaire.

23.     Ms. Chomsky worked continuously as a travel agent on Defendant St. Hilaire's team within ProTravel from 2015 until February 12, 2020.

24.     On February 12, 2020, Defendants terminated Ms. Chomsky's employment.

25.     During the entire time that Ms. Chomsky worked as a travel agent on Defendant St. Hilaire's ProTravel team, Defendant St. Hilaire was Ms. Chomsky's manager and immediate supervisor.

26.     At no time did Ms. Chomsky participate in a hiring process conducted by Defendant St. Hilaire for the position of travel agent on Defendant St. Hilaire's ProTravel team.

27.     At no time did Defendants ask Ms. Chomsky to participate in a hiring process for the position of travel agent on Defendant St. Hilaire's ProTravel team.

28.     At no time did Defendants subject Ms. Chomsky to a hiring process for the position of travel agent on Defendant St. Hilaire's ProTravel team.

29.     As Ms. Chomsky's manager and immediate supervisor, Defendant St. Hilaire possessed authority and control over the terms and conditions of Ms. Chomsky's employment.

30.     Defendant St. Hilaire possessed the power and ability to fire Ms. Chomsky.

31.     Defendant St. Hilaire possessed the power and ability to demote Ms. Chomsky.

32.     Defendant St. Hilaire possessed the power and ability to establish and alter Ms. Chomsky's work schedule and work hours.

33.     Defendant St. Hilaire possessed the power and ability to determine Ms. Chomsky's work assignments.

34.     On or about January 13 2020, Defendants dramatically reduced Ms. Chomsky's work hours and work schedule.

35.     Defendant St. Hilaire made and/or substantially participated in the decision to reduce Ms. Chomsky's work schedule and work hours.

36.     Defendant St. Hilaire made and/or substantially participated in the decision to terminate Ms. Chomsky's employment with ProTravel.

## **THE ST. HILAIRE PROTRAVEL TEAM**

37.     At the time of the events complained of herein, there was a total of four (4) individuals assigned to the St. Hilaire ProTravel team.

38.     In addition to Defendant St. Hilaire and Ms. Chomsky, at the time of the events complained of herein, there were two other individuals assigned to the St. Hilaire ProTravel team.

39.     Anne Bieluczyk ("Bieluczyk") was another travel agent assigned to the St. Hilaire ProTravel team.

40.     Bieluczyk joined the St. Hilaire ProTravel team in late 2018.

41.     At the time of the events complained of herein, Bieluczyk was in her early thirties.

42. At the time of the events complained of herein, Bieluczyk had fewer than five (5) years of prior professional experience in the travel industry.

43. Bieluczyk frequently engaged in cursing, rude and unprofessional behavior in the ProTravel office.

44. At the time of the events complained of herein, Roseanne Jean Louis ("Jean Louis") was also assigned to the St. Hilaire ProTravel team.

45. At the time of the events complained of, Jean Louis was in her fifties.

46. At the time of the events complained of, Jean Louis was significantly younger than Ms. Chomsky.

47. At the time of the events complained of, Jean Louis handled ticketing.

48. Ms. Chomsky was fully capable of performing all of the work functions performed by Jean Louis for the St. Hilaire ProTravel team.

49. Jean Louis was incapable of performing the vast majority of the work functions performed by Ms. Chomsky on the St. Hilaire ProTravel team.

50. Ms. Chomsky frequently assisted Jean Louis with an array of work functions.

51. Jean Louis was rarely willing to help Ms. Chomsky with her work.

52. Jean Louis regularly arrived at work later than her scheduled start time approximately four or five times weekly.

53. Ms. Chomsky observed Jean Louis sleeping at her workstation approximately twice weekly.

54. Ms. Chomsky regularly observed Jean Louis engaging in non-business text messaging and/or playing recreational games on her cellular phone at work during business hours.

55.    Defendants were aware of Jean Louis' and Bieluczyk's unprofessional behavior at work.

## THE REDUCTION OF MS. CHOMSKY'S WORK SCHEDULE

56.    On or about January 13, 2020, Defendant St. Hilaire verbally informed Ms. Chomsky that she had decided to reduce Ms. Chomsky's work schedule.

57.    Defendants implemented a dramatic reduction in Ms. Chomsky's work schedule.

58.    Prior to the schedule reduction, Ms. Chomsky worked from Monday through Friday from 9 am until 5:30 pm.

59.    By her own choice, Ms. Chomsky typically arrived at work and started her workday at 8:15 am.

60.    Defendant St. Hilaire informed Ms. Chomsky that she had decided to reduce Ms. Chomsky's work schedule to Mondays, Wednesdays and Fridays from 8:30 am to 12:30 pm.

61.    Defendant St. Hilaire stated that Ms. Chomsky would receive a wage of $30.00 per hour.

62.    The schedule reduction caused Ms. Chomsky's annual compensation with ProTravel to decrease by approximately 68 percent.

63.    Prior to the schedule reduction, Ms. Chomsky received health insurance coverage through her employment with ProTravel.

64.    As a result of the schedule reduction, Ms. Chomsky lost her health insurance coverage through ProTravel.

65.    As a result of the schedule reduction, Ms. Chomsky suffered a diminution of other fringe benefits that she received through her employment with ProTravel.

66.    Defendant St. Hilaire told Ms. Chomsky that the schedule reduction was necessary because St. Hilaire had taken on a new partner and would be earning less money.

67.    At the time of the schedule reduction, the St. Hilaire ProTravel team was busy and had an abundance of work, demonstrating the implausibility of Defendant St. Hilaire's explanation for her decision and its pretextual nature.

68.    Defendants did not reduce the work schedules of any of the other members of the St. Hilaire ProTravel team.

69.    Defendants elected to reduce only the work schedule of the single team member who was in her seventies, Ms. Chomsky.

70.    Defendants transferred the work that Ms. Chomsky would no longer perform as a result of the schedule reduction to Bieluczyk, who was in her thirties.

71.    Ms. Chomsky was replaced by an individual outside of the protected age class.

72.    Prior to the schedule reduction, Defendants did not complain about or criticize Ms. Chomsky's work performance.

73.    The respective performance records of Bieluczyk and Jean Louis further demonstrate the pretextual nature of Defendants' action and Defendants' discriminatory motive.

### MS. CHOMSKY'S PROTECTED ACTIVITY AND THE TERMINATION OF HER EMPLOYMENT

74.    Ms. Chomsky proceeded to work according to the dramatically reduced schedule as directed by Defendants.

75.    During the last week of January 2020, Ms. Chomsky complained to Defendants that her schedule reduction was motivated by age discrimination.

76. Ms. Chomsky registered this complaint directly to Defendant St. Hilaire and ProTravel Human Resources representative, Dona Leeds.

77. In registering her complaint, Ms. Chomsky stated that Defendants should not only reduce her work hours and that Defendants should also reduce the work hours of all team members in a proportionate manner.

78. In registering her complaint, Ms. Chomsky stated that Defendants did not reduce the work schedules of the younger team members and instead reduced only the schedule of the older employee in her seventies, namely, Ms. Chomsky.

79. In registering her complaint, Ms. Chomsky further stated that she believed that the very significant reduction in her work schedule hours without any reduction of the younger team members' schedules was age discrimination.

80. In registering her complaint, Ms. Chomsky engaged in protected activity.

81. Defendants did not complaint about or criticize Ms. Chomsky's work performance prior to her engaging in protected activity.

82. On February 12, 2020, approximately two weeks after Ms. Chomsky engaged in protected activity, Defendant St. Hilaire notified Ms. Chomsky that her employment was terminated.

83. Defendant St. Hilaire did not provide Ms. Chomsky with a reason for the termination of her employment.

84. At the time of Ms. Chomsky's termination, the effects of COVID-19 were localized to Asia.

85. At the time of Ms. Chomsky's termination, the impact of COVID-19 had not spread to the United States or beyond Asia.

86.  Defendants' business Respondent's business was global in nature and was not limited to Asia.

87.  At the time of Ms. Chomsky's termination, the ProTravel office was busy and was not adversely impacted by COVID-19.

88.  At the time of Ms. Chomsky's termination, Defendants did not terminate the employment of Bieluczyk or Jean Louis despite their detrimental and unprofessional behavior at work.

89.  At the time of Ms. Chomsky's termination, Defendants did not reduce the work schedules of Bieluczyk or Jean Louis, despite their detrimental and unprofessional behavior at work.

90.  In fact, upon information and belief, Bieluczyk replaced Ms. Chomsky following her termination.

91.  The close temporal proximity between Ms. Chomsky's protected activity and the termination of her employment, particularly when considered together with the absence of a non-discriminatory justification for the termination and the age of Ms. Chomsky's replacement, demonstrates that Ms. Chomsky was terminated because she engaged in protected activity as well as due to her age.

### FIRST CAUSE OF ACTION AGAINST PROTRAVEL
(*Age Discrimination in Violation of the ADEA — Illegal Demotion*)

92.  Plaintiff hereby repeats and re-alleges each and every allegation contained within paragraphs "1" through "91" as though fully set forth at length herein.

93.  By the actions described above, among others, Defendant discriminated against Plaintiff on the basis of her age in violation of the ADEA by dramatically reducing Plaintiff's work schedule.

94.   Defendant is liable to Plaintiff for unlawful age discrimination pursuant to the ADEA.

95.   On January 13, 2020, Defendant dramatically reduced Plaintiff's work schedule.

96.   At the time of this adverse employment action, Plaintiff was 72 years old.

97.   Plaintiff is protected by the provisions of the ADEA.

98.   Defendant's stated reason for reducing Plaintiff's work schedule was a pretext for age discrimination.

99.   Defendant replaced Plaintiff with an individual who was in her thirties.

100.   The age of Plaintiff's replacement creates an inference of age discrimination.

101.   The age difference between Plaintiff and her replacement creates an inference of age discrimination.

102.   The age difference between Plaintiff and the other St. Hilaire ProTravel team employees whose schedules were not similarly reduced creates an inference of age discrimination.

103.   The age difference between Plaintiff and the other St. Hilaire ProTravel team employees whose schedules were not similarly reduced demonstrates that Defendant's proffered reason for reducing Plaintiff's work schedule was a pretext for age discrimination.

104.   The foregoing actions by ProTravel and its agent(s) demonstrated that animus toward Ms. Chomsky's age was a but-for cause of the decision to reduce her work schedule.

105.   Plaintiff complained in good faith to Defendants of the discrimination and unlawful employment practices in the workplace.   ProTravel, by and through its management, failed to redress or end the unlawful employment discrimination.

106.   ProTravel cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein, nor can its actions be otherwise justified under the ADEA.

107.   Any alleged non-discriminatory reason is nothing more than a pretext so that ProTravel could attempt to mask its actions.

108.   By reason of ProTravel's actions and inactions, whereby ProTravel has engaged in unlawful discriminatory practices, Plaintiff has been severely damaged.

109.   As a direct and proximate result of ProTravel's willful, knowing and intentional discrimination, Ms. Chomsky has suffered and will continue to suffer loss of earnings, job opportunities, employment benefits, retirement benefits and other incidental expenses.

110.   As a result of ProTravel's discrimination in violation of the ADEA, Ms. Chomsky has been damaged in an amount to be determined by a jury at the time of trial.

111.   Plaintiff is entitled to equitable relief in the form of a Court order directing the Defendant to expunge all discriminatorily motivated material from Plaintiff's personnel and other employment-related files with ProTravel.

## SECOND CAUSE OF ACTION AGAINST PROTRAVEL
(*Age Discrimination in Violation of the NYCHRL and NYSHRL – Illegal Demotion*)

112.    Plaintiff hereby repeats and re-alleges each and every allegation contained within paragraphs "1" through "111" as though fully set forth at length herein.

113.    By the actions described above, among others, Defendant discriminated against Plaintiff on the basis of her age in violation of the NYCHRL and NYSHRL by dramatically reducing Plaintiff's work schedule.

114.    Defendant is liable to Plaintiff for unlawful age discrimination pursuant to the NYSHRL and NYCHRL.

115.    On January 13, 2020, Defendant dramatically reduced Plaintiff's work schedule.

116.    At the time of this adverse employment action, Plaintiff was 72 years old.

117.    Plaintiff is protected by the provisions of the NYSHRL and NYCHRL.

118.    Defendant's stated reason for reducing Plaintiff's work schedule was a pretext for age discrimination.

119.    Defendant replaced Plaintiff with an individual who was in her thirties.

120.    The age of Plaintiff's replacement creates an inference of age discrimination.

121.    The age difference between Plaintiff and her replacement creates an inference of age discrimination.

122.    The age difference between Plaintiff and the other St. Hilaire ProTravel team employees whose schedules were not similarly reduced creates an inference of age discrimination.

123.    The age difference between Plaintiff and the other St. Hilaire ProTravel team employees whose schedules were not similarly reduced demonstrates that

Defendants' proffered reason for reducing Plaintiff's work schedule was a pretext for age discrimination.

124.   The foregoing actions by ProTravel and its agent(s) demonstrate that animus toward Ms. Chomsky's age motivated the decision to reduce her work schedule.

125.   Plaintiff complained in good faith to Defendants of the discrimination and unlawful employment practices in the workplace.   ProTravel, by and through its management, failed to redress or end the unlawful employment discrimination.

126.   ProTravel cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein, nor can its actions be otherwise justified under the NYSHRL and NYCHRL.

127.   Any alleged non-discriminatory reason is nothing more than a pretext so that ProTravel could attempt to mask its actions.

128.   By reason of ProTravel's actions and inactions, whereby ProTravel has engaged in unlawful discriminatory practices, Plaintiff has been severely damaged.

129.   As a direct and proximate result of ProTravel's willful, knowing and intentional discrimination, Ms. Chomsky has suffered and will continue to suffer loss of earnings, job opportunities, employment benefits, retirement benefits and other incidental expenses.

130.   As a result of ProTravel's discrimination in violation of the NYSHRL and NYCHRL, Ms. Chomsky has been damaged in an amount to be determined by a jury at the time of trial.

131.   Plaintiff is entitled to equitable relief in the form of a Court order directing the Defendant to expunge all discriminatorily motivated material from Plaintiff's personnel and other employment-related files with ProTravel.

### THIRD CAUSE OF ACTION AGAINST ANN ST. HILAIRE
(*Age Discrimination in Violation of the NYCHRL and NYSHRL – Illegal Demotion*)

132.   Plaintiff hereby repeats and re-alleges each and every allegation contained within paragraphs "1" through "131" as though fully set forth at length herein.

133.   By the actions described above, among others, Defendant discriminated against Plaintiff on the basis of her age in violation of the NYCHRL and NYSHRL by dramatically reducing Plaintiff's work schedule.

134.   Defendant is liable to Plaintiff for unlawful age discrimination pursuant to the NYSHRL and NYCHRL.

135.   On January 13, 2020, Defendant dramatically reduced Plaintiff's work schedule.

136.   At the time of this adverse employment action, Plaintiff was 72 years old.

137.   Plaintiff is protected by the provisions of the NYSHRL and NYCHRL.

138.   Defendant's stated reason for reducing Plaintiff's work schedule was a pretext for age discrimination.

139.   Defendant replaced Plaintiff with an individual who was in her thirties.

140.   The age of Plaintiff's replacement creates an inference of age discrimination.

141.   The age difference between Plaintiff and her replacement creates an inference of age discrimination.

142. The age difference between Plaintiff and the other St. Hilaire ProTravel team employees whose schedules were not similarly reduced creates an inference of age discrimination.

143. The age difference between Plaintiff and the other St. Hilaire ProTravel team employees whose schedules were not similarly reduced demonstrates that Defendants' proffered reason for reducing Plaintiff's work schedule was a pretext for age discrimination.

144. The foregoing actions by Defendant demonstrate that animus toward Ms. Chomsky's age motivated the decision to reduce her work schedule.

145. Plaintiff complained in good faith to Defendant of the discrimination and unlawful employment practices in the workplace. Defendant failed to redress or end the unlawful employment discrimination.

146. Defendant St. Hilaire, at all times relevant to the events complained of herein, was the Plaintiff's manager and immediate supervisor.

147. Defendant St. Hilaire made the discriminatory decision to reduce Plaintiff's work schedule.

148. Defendant St. Hilaire therefore actually participated in the discriminatory conduct committed against the Plaintiff and is therefore personally liable for such conduct under the NYSHRL and NYCHRL.

149. Defendant cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein, nor can Defendant's actions be otherwise justified under the NYSHRL and NYCHRL.

150.   Any alleged non-discriminatory reason is nothing more than a pretext so that Defendant could attempt to mask her actions.

151.   By reason of Defendant's actions and inactions, whereby Defendant has engaged in unlawful discriminatory practices, Plaintiff has been severely damaged.

152.   As a direct and proximate result of Defendant's willful, knowing and intentional discrimination, Ms. Chomsky has suffered and will continue to suffer loss of earnings, job opportunities, employment benefits, retirement benefits and other incidental expenses.

153.   As a result of Defendant's discrimination in violation of the NYSHRL and NYCHRL, Ms. Chomsky has been damaged in an amount to be determined by a jury at the time of trial.

154.   Plaintiff is entitled to equitable relief in the form of a Court order directing the Defendant to expunge all discriminatorily motivated material from Plaintiff's personnel and other employment-related files maintained by Defendant.


**FOURTH CAUSE OF ACTION AGAINST PROTRAVEL**
(*Age Discrimination and Retaliation in Violation of the ADEA and Title VII –*
*Illegal Termination of Employment*)

155.   Plaintiff hereby repeats and re-alleges each and every allegation contained within paragraphs "1" through "154" as though fully set forth at length herein.

156.   By the actions described above, among others, Defendant discriminated against Plaintiff on the basis of her age in violation of the ADEA and Title VII by terminating Plaintiff's employment.

157.   Defendant is liable to Plaintiff for unlawful age discrimination pursuant to the ADEA.

158.   Defendant is liable to Plaintiff for unlawful retaliation pursuant to Title VII.

159.   On February 12, 2020, Defendant dramatically terminated Plaintiff's employment.

160.   At the time of this adverse employment action, Plaintiff was 72 years old.

161.   Plaintiff is protected by the provisions of the ADEA.

162.   Only approximately two weeks prior to the termination of her employment, Plaintiff engaged in a protected activity pursuant to Title VII by complaining to Defendant that the reduction of Plaintiff's work schedule constituted age discrimination.

163.   Defendant replaced Plaintiff with an individual who was in her thirties.

164.   The age of Plaintiff's replacement creates an inference of age discrimination.

165.   The age difference between Plaintiff and her replacement creates an inference of age discrimination.

166.   Defendant's failure to terminate or reduce the work schedules of the other St. Hilaire ProTravel team employees who were outside of Plaintiff's protected classifications creates an inference of age discrimination and retaliation.

167.   The close temporal proximity between Ms. Chomsky's protected activity and the termination of her employment, particularly when considered together with the absence of a plausible non-discriminatory justification for the termination and the age of Ms. Chomsky's replacement, demonstrates that Ms. Chomsky was terminated because she engaged in protected activity as well as due to her age.

18

168.   The foregoing actions by ProTravel and its agent(s) demonstrated that animus toward Ms. Chomsky's age and protected activity were but-for causes of the decision to terminate her employment.

169.   Plaintiff complained in good faith to Defendants of the discrimination and unlawful employment practices in the workplace.   ProTravel, by and through its management, failed to redress or end the unlawful employment discrimination.

170.   ProTravel cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein, nor can its actions be otherwise justified under the ADEA and Title VII.

171.   Any alleged non-discriminatory reason is nothing more than a pretext so that ProTravel could attempt to mask its actions.

172.   By reason of ProTravel's actions and inactions, whereby ProTravel has engaged in unlawful discriminatory practices, Plaintiff has been severely damaged.

173.   As a direct and proximate result of ProTravel's willful, knowing and intentional discrimination, Ms. Chomsky has suffered and will continue to suffer loss of earnings, job opportunities, employment benefits, retirement benefits and other incidental expenses.

174.   As a result of ProTravel's discrimination in violation of the ADEA and Title VII, Ms. Chomsky has been damaged in an amount to be determined by a jury at the time of trial.

175.   Plaintiff is entitled to equitable relief in the form of a Court order directing the Defendant to expunge all discriminatorily motivated material from Plaintiff's personnel and other employment-related files with ProTravel.

## FIFTH CAUSE OF ACTION AGAINST PROTRAVEL

(*Age Discrimination and Retaliation in Violation of the NYSHRL and NYCHRL – Illegal Termination of Employment*)

176.   Plaintiff hereby repeats and re-alleges each and every allegation contained within paragraphs "1" through "175" as though fully set forth at length herein.

177.   By the actions described above, among others, Defendant discriminated against Plaintiff on the basis of her age in violation of the NYSHRL and NYCHRL by terminating Plaintiff's employment.

178.   Defendant is liable to Plaintiff for unlawful age discrimination pursuant to the NYSHRL and NYCHRL.

179.   Defendant is liable to Plaintiff for unlawful retaliation pursuant to the NYSHRL and NYCHRL.

180.   On February 12, 2020, Defendant dramatically terminated Plaintiff's employment.

181.   At the time of this adverse employment action, Plaintiff was 72 years old.

182.   Only approximately two weeks prior to the termination of her employment, Plaintiff engaged in a protected activity pursuant to the NYSHRL and NYCHRL by complaining to Defendant that the reduction of Plaintiff's work schedule constituted age discrimination.

183.   Plaintiff is protected by the provisions of the NYSHRL and NYCHRL.

184.   Defendant replaced Plaintiff with an individual who was in her thirties.

185.   The age of Plaintiff's replacement creates an inference of age discrimination.

186.   The age difference between Plaintiff and her replacement creates an inference of age discrimination.

187.   Defendant's failure to terminate or reduce the work schedules of the other St. Hilaire ProTravel team employees who were outside of Plaintiff's protected classifications creates an inference of age discrimination and retaliation.

188.   The close temporal proximity between Ms. Chomsky's protected activity and the termination of her employment, particularly when considered together with the absence of a plausible non-discriminatory justification for the termination and the age of Ms. Chomsky's replacement, demonstrates that Ms. Chomsky was terminated because she engaged in protected activity as well as due to her age.

189.   The foregoing actions by ProTravel and its agent(s) demonstrate that animus toward Ms. Chomsky's age and protected activity motivated the decision to terminate her employment.

190.   Plaintiff complained in good faith to Defendants of the discrimination and unlawful employment practices in the workplace.   ProTravel, by and through its management, failed to redress or end the unlawful employment discrimination.

191.   ProTravel cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein, nor can its actions be otherwise justified under the NYSHRL and NYCHRL.

192.   Any alleged non-discriminatory reason is nothing more than a pretext so that ProTravel could attempt to mask its actions.

193.   By reason of ProTravel's actions and inactions, whereby ProTravel has engaged in unlawful discriminatory practices, Plaintiff has been severely damaged.

194.   As a direct and proximate result of ProTravel's willful, knowing and intentional discrimination, Ms. Chomsky has suffered and will continue to suffer loss of

earnings, job opportunities, employment benefits, retirement benefits and other incidental expenses.

195.   As a result of ProTravel's discrimination in violation of the NYSHRL and NYCHRL, Ms. Chomsky has been damaged in an amount to be determined by a jury at the time of trial.

196.   Plaintiff is entitled to equitable relief in the form of a Court order directing the Defendant to expunge all discriminatorily motivated material from Plaintiff's personnel and other employment-related files with ProTravel.


**SIXTH CAUSE OF ACTION AGAINST ANN ST. HILAIRE**
(*Age Discrimination and Retaliation in Violation of the NYSHRL and NYCHRL –
Illegal Termination of Employment*)

197.   Plaintiff hereby repeats and re-alleges each and every allegation contained within paragraphs "1" through "196" as though fully set forth at length herein.

198.   By the actions described above, among others, Defendant discriminated against Plaintiff on the basis of her age in violation of the NYSHRL and NYCHRL by terminating Plaintiff's employment.

199.   Defendant is liable to Plaintiff for unlawful age discrimination pursuant to the NYSHRL and NYCHRL.

200.   Defendant is liable to Plaintiff for retaliation pursuant to the NYSHRL and NYCHRL.

201.   On February 12, 2020, Defendant dramatically terminated Plaintiff's employment.

202.   At the time of this adverse employment action, Plaintiff was 72 years old.

203.   Only approximately two weeks prior to the termination of her employment, Plaintiff engaged in a protected activity pursuant to the NYSHRL and NYCHRL by complaining to Defendant that the reduction of Plaintiff's work schedule constituted age discrimination.

204.   Plaintiff is protected by the provisions of the NYSHRL and NYCHRL.

205.   Defendant replaced Plaintiff with an individual who was in her thirties.

206.   The age of Plaintiff's replacement creates an inference of age discrimination.

207.   The age difference between Plaintiff and her replacement creates an inference of age discrimination.

208.   Defendant's failure to terminate or reduce the work schedules of the other St. Hilaire ProTravel team employees who were outside of Plaintiff's protected classifications creates an inference of age discrimination and retaliation.

209.   The close temporal proximity between Ms. Chomsky's protected activity and the termination of her employment, particularly when considered together with the absence of a plausible non-discriminatory justification for the termination and the age of Ms. Chomsky's replacement, demonstrates that Ms. Chomsky was terminated because she engaged in protected activity as well as due to her age.

210.   The foregoing actions by Defendant demonstrate that animus toward Ms. Chomsky's age and protected activity motivated the decision to terminate her employment.

211.   Plaintiff complained in good faith to Defendant of the discrimination and unlawful employment practices in the workplace.  Defendant failed to redress or end the unlawful employment discrimination.

212.   Defendant St. Hilaire, at all times relevant to the events complained of herein, was Plaintiff's manager and immediate supervisor.

213.   Defendant St. Hilaire made the discriminatory and retaliatory decision to terminate Plaintiff's employment.

214.   Defendant St. Hilaire therefore actually participated in the discriminatory and retaliatory conduct committed against the Plaintiff and is therefore personally liable for such conduct under the NYSHRL and NYCHRL.

215.   Defendant cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein, nor can Defendant's actions be otherwise justified under the NYSHRL and NYCHRL.

216.   Any alleged non-discriminatory reason is nothing more than a pretext so that Defendant could attempt to mask her actions.

217.   By reason of Defendant's actions and inactions, whereby Defendant has engaged in unlawful discriminatory practices, Plaintiff has been severely damaged.

218.   As a direct and proximate result of Defendant's willful, knowing and intentional discrimination, Ms. Chomsky has suffered and will continue to suffer loss of earnings, job opportunities, employment benefits, retirement benefits and other incidental expenses.

219.   As a result of Defendant's discrimination in violation of the NYSHRL and NYCHRL, Ms. Chomsky has been damaged in an amount to be determined by a jury at the time of trial.

220.    Plaintiff is entitled to equitable relief in the form of a Court order directing the Defendant to expunge all discriminatorily motivated material from Plaintiff's personnel and other employment-related files maintained by Defendant.

## JURY DEMAND

221.    Plaintiff demands a trial by jury of all issues in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that she be awarded the following relief:

(a) On the first cause of action, appropriate injunctive and monetary relief, including an expungement of all discriminatory motivated records; lost wages (including, but not limited to, back pay and front pay), compensatory and liquidated damages in an amount to be determined at trial, together with appropriate interest thereon;

(b) On the second cause of action, appropriate injunctive and monetary relief, including an expungement of all discriminatory motivated records; lost wages (including, but not limited to, back pay and front pay), compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon;

(c) On the third cause of action, appropriate injunctive and monetary relief, including an expungement of all discriminatory motivated records; lost wages (including, but not limited to, back pay and front pay), compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon;

(d) On the fourth cause of action, appropriate injunctive and monetary relief, including an expungement of all discriminatory motivated records; lost wages (including, but not limited to, back pay and front pay), compensatory, liquidated and punitive damages in an amount to be determined at trial, together with appropriate interest thereon;

(e) On the fifth cause of action, appropriate injunctive and monetary relief, including an expungement of all discriminatory motivated records; lost wages (including, but not limited to, back pay and front pay), compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon;

(f) On the sixth cause of action, appropriate injunctive and monetary relief, including an expungement of all discriminatory motivated records; lost wages (including, but not limited to, back pay and front pay), compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon;

(g) An award of attorneys' fees, expert fees, costs and disbursements; and

(h) Such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
       June  1, 2021

                          Respectfully Submitted,

                          **THE SELTZER LAW GROUP P.C.**

                          By:_____/s/_____
                                Steven Seltzer
                          Counsel for Plaintiff
                          125 Maiden Lane, Suite 507
                          New York, New York 10038
                          T. (646) 863-1854